UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**08-CV-80898-Marra-Johnson**

WILLIAM J. ZINNI,

     Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

     Defendant.

_____/

```
FILED by   VT    D.C.
ELECTRONIC

August 14, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI
```

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"), and the common law tort of intrusion upon seclusion.

## JURISDICTION AND VENUE

    2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

    3.    Plaintiff, WILLIAM J. ZINNI, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.      Defendant, WEST ASSET MANAGEMENT, INC., is believed to be a corporation and citizen of the State of Nebraska with its principal place of business at 11808 Miracle Hills Drive, Omaha, Nebraska 68154.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

February 18 and 28, 2008
To interrupt this message and speak with a representative, please press the star key. This message is for William Zinni. Please call me as soon as possible at 1-866-302-0858 in reference to account number 22320790. Again please call me back at 1-866-302-0858 in reference to account number 22320790. Thank you.

2

11.    Based upon information and belief, Defendant left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C. §1692a(2).

13.    Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.    Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15.    Plaintiff incorporates Paragraphs 1 through 14.

16.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.    Plaintiff incorporates Paragraphs 1 through 14.

18.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.      Damages;

b.      Attorney's fees, litigation expenses and costs of suit; and

c.      Such other or further relief as the Court deems proper.

## COUNT III
## FALSE SENSE OF URGENCY

19.    Plaintiff incorporates Paragraphs 1 through 14.

20.    Defendant created a false sense of urgency in violation of 15 U.S.C §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21.    Plaintiff incorporates Paragraphs 1 through 14.

22.    Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector, and the purpose of its communications and by creating a false sense of urgency, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

5

23.   Plaintiff incorporates Paragraphs 1 through 14.

24.   By failing to disclose its name, that it is a debt collector, and the purpose of its communication and creating a false sense of urgency, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.   Damages;

      b.   Attorney's fees, litigation expenses and costs of suit; and

      c.   Such other or further relief as the Court deems proper.

## COUNT VI
## INVASION OF PRIVACY BY INTRUSION ON SECLUSION

25.   Plaintiff incorporates Paragraphs 1 through 14.

26.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

27.   Defendant intentionally interfered with the solitude and seclusion of Plaintiff by repeatedly and unlawfully attempting to collect an alleged debt via

6

repeated telephone calls placed by the use of illegal means and thereby invaded Plaintiff's privacy, seclusion, and solitude.

28.    Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting the alleged debt, and thereby invaded and intruded upon Plaintiff's right to privacy.

29.    Plaintiff has a reasonable expectation of privacy in maintaining Plaintiff's solitude, seclusion and private affairs.

30.    These intrusions and invasions against Plaintiff occurred in a way that is highly offensive to a reasonable person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages; and

c.    Such other or further relief as the Court deems proper.

## COUNT VII
## DECLARATORY RELIEF AND PERMANENT INJUNCTION

31.    Plaintiff incorporates Paragraphs 1 through 14.

32.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the FDCPA and FCCPA.

33.    Plaintiff seeks a permanent injunction prohibiting Defendant from failing to disclose its name and failing to disclose it is a debt collector in telephone messages to consumers.

7

WHEREFORE, Plaintiff requests that the Court enter judgment:

a.    declaring that Defendant's practices violate the FDCPA and FCCPA;

b.    permanently injoining Defendant from engaging in the violative practices;

c.    Attorney's fees, litigation expenses and costs of suit; and

d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Dated this ___13___ day of August, 2008.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

8

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

William J. Zinni

**DEFENDANTS**

West Asset Management, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) PALM BEACH

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:        IN LAND CONDEMNATION CASES, USE THE LOCATION
              OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

9:08CV 80898- KAM - Johnson

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II.     BASIS OF JURISDICTION**
(PLACE AN X IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III.     CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Case Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | | |
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporation and Principal Place of Business in This State | 1 | [ ] 1 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | [ ] 3 | | Foreign Nation | [ ] 3 | [ ] 3 |

**IV.  CAUSE OF ACTION**        (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.        1-2** days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 States Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. B |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl Veterans) B | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | **B SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits B | [ ] 350 Motor Vehicle | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities /Commodities /Exchange |
| [ ] 160 Stockholder's Suits | [ ] 355 Motor Vehicle Product Liability | **A LABOR** | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | **PERSONAL INJURY** | [ ] 720 Labor Management Relations B | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **A REAL PROPERTY** | [ ] 362 Pers. Injury-Med Malpractice | [ ] 730 Labor Management Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Prod. Liability | [ ] 740 Railway Labor Act | **A FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure B | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | [ ] 791 Employee Ret. Inc. Security Act B | [ ] 871 IRS-Third Party 26b USC 7609 | [ ] 900 Appeal of Fee Determination under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 370 Other Fraud | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 371 Truth in Lending B | | | [X] 890 Other Statutory Actions* *A or B |
| [ ] 290 All Other Real Property | [ ] 380 Other Personal Property Damage | | | |
| | [ ] 385 Property Damage Product Liability | | | |
| **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | | | |
| [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus | | | |
| [ ] 442 Employment | [ ] 530 General* | | | |
| [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty | | | |
| [ ] 444 Welfare | [ ] 540 Mandamus & Other* | | | |
| [ ] 440 Other Civil Rights | [ ] 550 Civil Rights *A or B | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- [X] 1. Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Refiled
- [ ] 5. Transferred from another district (specify)
- [ ] 6. Multidistrict Litigation
- [ ] 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A
[ ] CLASS ACTION
UNDER F.R.C.P.23
CLASS ACTION No
DEMAND $ N/A
Check YES only if demanded in complaint
**JURY DEMAND:**
[ ] YES
[ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                DOCKET NUMBER

DATE: August ___, 2008        SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY:** Receipt No. 543919        Amount: 350.00

Date Paid: ___        M/ifp: ___

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94